UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RUSSELL HARDY

                          Plaintiff,

      v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                          Defendant.

**DECISION
and
ORDER**

**18-CV-01036-LGF
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
Attorneys for Plaintiff
TIMOTHY HILLER, of Counsel
6000 Bailey Avenue
Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY, JR.
UNITED STATES ATTORNEY
MARY PAT FLEMING, Of Counsel
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202;

ANDREEA LAURA LECHLEITNER
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278, and

ELLEN E. SOVERN
Office of the General Counsel
Acting Regional Chief Counsel
Social Security Administration

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

Office of the General Counsel
601 E. 12th Street, Room 965
Kansas City, MO 64106, and

**JURISDICTION**

On October 7, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 17). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on June 17, 2019, by Plaintiff (Dkt. No. 13), and on June 24, 2019, by Defendant (Dkt. No. 15).

**BACKGROUND and FACTS**

Plaintiff Russell Hardy ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title II of the Act and Disability Insurance benefits under Title XVI of the Act ("disability benefits"). Plaintiff, born on July 10, 1954 (R. 38), alleges that he became disabled on October 10, 2014,[2] when he stopped working because he was laid off and unable to pass the driving tests required for his job. (R. 208).

---

[2] During Plaintiff's administrative hearing on April 21, 2017, Plaintiff amended his onset date of disability to March 15, 2016.

Plaintiff's application for disability benefits was initially denied by Defendant on April 21, 2015 (R. 68), and, pursuant to Plaintiff's request, an initial hearing was held before Administrative Law Judge David Begley ("Judge Begley"), on April 21, 2017, in Falls Church, Virginia, at which Plaintiff, represented by Amanda Jordan-Pugh, Esq. ("Jordan-Pugh"), appeared and testified via videoconference in Buffalo, New York. (R. 36-67). Vocational Expert Mitchell Schmidt ("the VE" or "VE Schmidt"), also appeared and testified. (R. 61-67). The ALJ's decision denying Plaintiff's claim was rendered on June 6, 2017. (R. 11-18). Plaintiff requested review by the Appeals Council, and on August 9, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on September 20, 2018, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On June 17, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 13-1) ("Plaintiff's Memorandum"). Defendant filed, on June 24, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 15-1) ("Defendant's Memorandum"). On July 15, 2019, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 16). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the

decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.  **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4]  42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's residual functional capacity ("RFC"), and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of diabetes mellitus with neuropathy and substance abuse. (R. 16). The ALJ further

determined that Plaintiff's impairments do not meet or medically equal a listed impairment, and that Plaintiff had the RFC to perform medium work with limitations to no climbing ladders, ropes, scaffolds, avoid exposure to hazardous machinery, unprotected heights and open flames.  (R. 18).  Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment.

**E.  Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*.

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity. *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984). Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. It is improper to determine a claimant's residual work capacity based solely upon an evaluation of the severity of the claimant's individual complaints. G*old v. Secretary of Health and Human Services*, 463 F.2d 38, 42 (2d Cir. 1972). To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* at 294.

An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In addition,

the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job. *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296. The ALJ then found that Plaintiff had the residual functional capacity to perform medium[5] work with limitations to no climbing ladders, ropes, scaffolds, avoid exposure to hazardous machinery, unprotected heights and open flames. (R. 18). In this case, the ALJ found that Plaintiff had the residual functional capacity to perform Plaintiff's past relevant work as a truck driver and shuttle driver. (R. 21). Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is erroneous because such assessment relied on stale medical evidence and the ALJ failed to obtain a medical source statement from Plaintiff's treating physicians. Plaintiff's Memorandum at 10-13. Defendant maintains that the ALJ was not required to obtain a medical source statement from Plaintiff's treating physician as substantial evidence supports the ALJ's finding that Plaintiff, despite Plaintiff's alleged inability to work, was able to return to Plaintiff's past relevant work as a truck driver. Defendant's Memorandum at 13-15.

The Second Circuit caselaw does not always treat the absence of a medical source statement from a treating physician as fatal to an ALJ's determination. *See Terrance v. Colvin*, 2017 WL 3393576, at *4 (W.D.N.Y. Aug. 8, 2017) (citing *Swiantek v. Commissioner of Social Security,* 588 Fed. App'x. 82, 84 (2d Cir. 2015) (summary order) (citing *Tankisi v. Commissioner of Social Security*, 521 Fed. App'x. 29, 33-34 (2d

---

[5] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

Cir. 2013) (summary order) (noting that while 20 C.F.R. § 404.1513(b)(6), 416.913(b)(6) state that the Commissioner "will request a medical source statement" containing an opinion regarding the claimant's physical residual functional capacity, lack of such a medical source statement does make the report incomplete))). Upon reviewing the instant record, the court finds that this is not a case where the absence of a medical source statement from Plaintiff's treating physician renders the record incomplete because physical examinations and Plaintiff's testimony show that Plaintiff's diabetes is not so disabling that Plaintiff is unable to perform medium work. In particular, on February 27, 2016, Bhaskar Bhattacharyya, M.D. ("Dr. Bhattacharyya"), noted that Plaintiff reported blisters on his feet (R. 727), and prescribed Neosporin. On March 23, 2016, David J. Meyer, M.D. ("Dr. Meyer"), completed a substance abuse assessment on Plaintiff at the request of Plaintiff's employer after Plaintiff tested positive for cocaine on a toxicology test and advised Plaintiff on alcohol, tobacco and drug cessation. (R. 724). On October 26, 2016, Pharmacist Aleta Rutledge ("Ms. Rutledge"), noted that Plaintiff's A1c[6] level had steadily increased since 2017,[7] and advised Plaintiff to exercise and maintain a healthy diet. (R. 778-79). Historical clinical findings in the record indicate that Plaintiff's diabetes mellitus was controlled with medication (R. 671, 773, 777), and Plaintiff testified that he started taking insulin two weeks before his administrative hearing on April 21, 2017. (R. 45). Plaintiff testified that he walks his dog a half of a mile on a daily basis (R. 47), does daily chores around the house (R. 48), plays chess

---

[6] A1c is a measurement of glucose in blood and used to monitor the severity of diabetes. A1c that measures less than 7% is considered normal.
[7] The record makes no indication why Ms. Rutledge used January 2017 as the date when Plaintiff's A1c would trend upward as such date is after the date of Ms. Rutledge's pharmacy note on October 26, 2016.

and goes bowling with friends. (R. 50). Such daily activities support the ALJ's residual functional capacity assessment of Plaintiff. The record is devoid of any evidence that Plaintiff's diabetes has any negative impact on Plaintiff's ability to perform his past relevant work. The court therefore finds that the ALJ had no further obligation to supplement the record by acquiring a medical source statement to bolster Plaintiff's record and the ALJ's residual functional capacity assessment that Plaintiff was able to return to Plaintiff's past relevant work as a truck and shuttle driver, work that is performed at a medium level of exertion, is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is denied.

Plaintiff's further allegation that Plaintiff was only required to show that he was unable to perform his past relevant work, capable of only light work, and that Plaintiff's previous work had no transferable job skills is also without merit. The VE testified that Plaintiff's previous job as a shuttle driver has skills transferable to the occupation of chauffer, a job that is performed at a light level of exertion, that an individual of advanced age, like Plaintiff, would be able to perform. (R. 62-63). *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.03 (an individual who is advanced age, has a limited or less education, and has past skilled or semi-skilled work with transferable skills is not disabled). Accordingly, Plaintiff's motion on this issue is denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 13) is DENIED; Defendant's motion (Doc. No. 15) is GRANTED. The Clerk of the Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: November 13, 2019
              Buffalo, New York